Stephan M. Brown (SBN: 300563)
Erika L. LaMarch (SBN: 349932)
The Bankruptcy Group, P.C.
2408 Professional Drive
Roseville, CA 95661
800-920-5351
916-242-8588 (fax)
ECF@thebklawoffice.com

Attorneys for Plaintiff
Tracy Michelle Foote

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| In re:<br><br>TRACY MICHELLE FOOTE,<br><br>    Debtor. | Chapter 7 Case No. 22-02231<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS** |
| TRACY MICHELLE FOOTE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, DOES 1-100 Inclusive, et al.,<br><br>Defendants. | Adversary Proceeding No.: |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOANS**

Plaintiff Tracy Michelle Foote ("Plaintiff" or "Debtor") by and through her attorney, Stephan M. Brown, brings the following complaint and alleges as follows:

**I. NATURE OF CASE**

1. This is an action to declare the Plaintiff's student loan debt to Defendants, the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

1

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

## II. JURISDICTION AND VENUE

2. On August 25, 2022, Plaintiff filed a voluntary chapter 7 bankruptcy proceeding, Case Number 2022-02231.

3. This Complaint is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

4. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this adversary action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), This is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

## III. PARTIES

6. Plaintiff is a resident at 3680 Harmony Hill, Fallbrook, California.

7. Defendant is a qualifying governmental institution in the business of making, insuring, guaranteeing or servicing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

## IV. STATEMENT OF FACTS

8. The current outstanding balance of the student loans is $171,831.00. A list of the loans with current balances is attached as Exhibit A.

9. Plaintiff incurred the student loans while attending Northcentral University where Plaintiff was pursuing a Doctoral degree in Business Administration. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff left her course of study in 2018 and did not receive a degree.

    a. Plaintiff did not receive a degree in part, because the Dissertation Chair was replaced by an attorney that did not have a required CITI Training Certificate which all doctoral students and Dissertation Chairs must have for review and approval of the relevant IRB package.

      b.      Since Plaintiff spent too much time going back and forth between Northcentral University and United States University to get IRB approval, her time ran out on all classes and extensions.

      c.      As a result, Plaintiff filed an appeal with Northcentral University and was told that the Dean would contact her in a few days, but the Dean never did and Plaintiff was unable to complete the program.

      d.      Plaintiff later joined a class action lawsuit filed against Northcentral University where she received $5,000.

11. Plaintiff incurred student loans while attending Walden University where Plaintiff was pursuing a Doctoral degree. No payments were due on these loans while Plaintiff was a full-time student.

12. Plaintiff completed her course of study in 2022 and received a degree in Business Administration.

13. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

14. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $1,882.53 for ten years in order to pay off the balance of the student loans.

15. Since repayment on the student loans began, the Plaintiff has:

      a.      Made approximately 50 payments on the loans, totaling approximately $50,000.00.

      b.      Received 10 cumulative forbearances and deferments totaling 224.8 months.

16. When Plaintiff filed the voluntary petition over 18 months ago she was employed as a PPI Business Systems Specialist with Thermo Fisher Scientific and Plaintiff's gross monthly income from that employment was $9,179.21.

17. Plaintiff's monthly household income is supplemented by social security benefits paid to her mother who also lives with her. Plaintiff continues to depend on her mother's

contributions. At the time of filing, Plaintiff's monthly household expenses far exceeded her monthly household income which created a deficit of $1,203.68 per month.

18. Since then Plaintiff was displaced, and she is currently working part time as a contractor where she teaches at United States University, Inc., WestCliff Management Group, and Western Governors University.

    a. Plaintiff's gross monthly income from the contract work at United States University, Inc. is $906.25.

    b. Plaintiff's gross monthly income from the contract work at WestCliff Mgmt Group is $1,481.25.

    c. Plaintiff's gross monthly income from the contract work at Western Governors University is $1,117.71.

## V. DETERMINATION OF DISCHARGEABILITY

19. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

20. The most common framework for assessing undue hardship is the so-called "Brunner test" from Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

21. Plaintiff is unable to make payments on her student loans. After deducting Plaintiff's reasonable and necessary expenses from her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

4

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

22. Plaintiff's current state of affairs is likely to persist, and her financial circumstances are unlikely to materially improve for a significant portion of the debt repayment period, considering she was fired approximately 8 years ahead of the age customary for retirement. Thus, Plaintiff acquired opportunities as an independent contractor, and presently balances 3 teaching engagements which do not provide fully for her needs.  In all practicality, Plaintiff would need to acquire 1 or more additional gig(s) to avoid working beyond the age of 70, and expects that doing so would be a considerable if not extreme hardship.

23. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding, because her loans are in a current status and she has made fifty payments over the last twenty years amounting to a paydown in total of approximately $50,000.

24. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter a declaratory judgment that excepting her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully submitted on April 10, 2024.

*/s/ Stephan M. Brown*
Stephan M. Brown
Attorney for Debtor

# Exhibit A

## List of Student Loans with Current Balances

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 8,298.00 | $ 0.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT PLUS GRADUATE (DEPT OF ED/EDFINANCIAL) | $ 12,267.00 | $ 0.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 6,458.00 | $ 0.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 20,500.00 | $ 0.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 20,500.00 | $ 281.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 13,667.00 | $ 992.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 2,395.00 | $ 186.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 18,579.00 | $ 1,278.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 22,592.00 | $ 1,709.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 19,130.00 | $ 1,341.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/EDFINANCIAL) | $ 19,905.00 | $ 1,753.00 | BANKRUPTCY CLAIM, ACTIVE |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS